# Julia McClafferty et al., Plffs. in Err., *v.* John J. Fisher et al.

Where an experienced oil miner was killed by an explosion occasioned by his lighted lantern, in passing near an oil well from which he could smell the gas and hear the hissing sound produced by its escaping from the well, —*Held*, that he was chargeable with contributive negligence, which would prevent recovery from the owners of the well, although they had not exercised the care usual in such cases.

(Decided October 26, 1885.)

Error to the Common Pleas of Butler County to review a judgmnt of compulsory nonsuit for defendants.  Affirmed.

This action was commenced by the widow and children of

NOTE.—Where the injury is caused by the contributory negligence of the plaintiff he cannot recover, though the defendant was also negligent. Simpson v. Hand, 6 Whart. 311, 36 Am. Dec. 231; Wynn v. Allard, 5 Watts & S. 524; Little Schuylkill Nav. R. & Coal Co. v. Norton, 24 Pa. 465, 64 Am. Dec. 672; Monongahela City v. Fischer, 111 Pa. 9, 56 Am. Rep. 241, 2 Atl. 87; Mattimore v. Erie, 144 Pa. 14, 22 Atl. 817.  But, if the negligence of the plaintiff is in no way connected with the injury caused by the intervention of the defendant's negligence, a recovery may be had.  Sharrer v. Paxson, 171 Pa. 26, 33 Atl. 120; Boehm v. Bethlehem, 4 Pa. Super. Ct. 385; Baughman v. Shenango & A. R. Co. 92 Pa. 335, 37 Am. Rep. 690.

Daniel McClafferty to recover of Fisher Brothers for alleged negligence causing the death of McClafferty.

Fisher Brothers, oil producers, struck a large gas and oil well from which the volume of gas was great, and its flow created much noise; they took no measures to prevent persons from coming near with lights in the nighttime; nor did they provide any of the usual modes of carrying off the gas. McClafferty was an experienced miner, working at a neighboring well, and was accustomed to pass Fisher Brothers' works on his way to and from home, and knew that a very large well had been struck, for he could hear the noise made by the flow of the gas. The day following that on which the well was struck, on going home from work, he carried a lighted lantern by which the gas escaping from such well was ignited, causing an explosion, and resulting in his death. Plaintiffs brought this action for negligence of defendants in not properly controlling their gas, and thereby occasioning the death. The court below granted a compulsory nonsuit, and plaintiffs brought error.

*Thompson & Son* and *Charles McCandless,* for plaintiffs in error.—The facts put in proof by the plaintiffs make the defendants responsible and answerable in damages for negligence. The defendants, in the management of their business, so dangerous to the life and property of others, were bound to use all precautions and means of safety and protection known to the business; which the evidence shows that they did not do. They had no guards, ropes stretched, notices, covering to the gas tank, pipes leading off from it, or the like.

Care and precaution are to be used according to the subject-matter, the force and danger of the material under the defendant's charge, and the circumstances of the case. Holly v. Boston Gas Light Co. 8 Gray, 130, 69 Am. Dec. 233; Fletcher v. Boston & M. R. Co. 1 Allen, 13, 79 Am. Dec. 695.

Ordinary care has relation to the situation of the parties and the business in which they are engaged, and varies according to the exigencies which require vigilance and attention conforming in amount and degree to the particular circumstances under which it is to be exerted. Instruments of danger should be kept with the utmost care. 1 Hilliard, Torts, 115, § 38, and note, 118, § 42; Holly v. Boston Gaslight Co. 8 Gray, 130, 69

Am. Dec. 233; Fletcher v. Boston & M. R. Co. 1 Allen, 13, 79 Am. Dec. 695; Shearm. & Redf. Neg. §§ 23, 24; Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 350, 93 Am. Dec. 708.

The question of what care was necessary to be used by defendants in their business under the facts and the character of their business is one of fact for the jury; and the court erred in withdrawing it from the jury.

What is and what is not negligence, in a particular case, is generally a question for the jury, and not for the court. It is always a question for the jury when the measure of duty is ordinary and reasonable care. When the standard shifts with the circumstances of the case, it is in its very nature incapable of being determined as a matter of law. When both the duty and measure of its performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proven. Germantown Pass. R. Co. v. Walling, 97 Pa. 55, 39 Am. Rep. 796; West Chester & P. R. Co. v. McElwee, 67 Pa. 311; Johnson v. West Chester & P. R. Co. 70 Pa. 357; Pittsburg, A. & M. R. Co. v. Pearson, 72 Pa. 169; McKee v. Bidwell, 74 Pa. 218; Crissey v. Hestonville, M. & F. Pass. R. Co. 75 Pa. 83; Fox v. Booth, 32 Phila. Leg. Int. 283, Affirmed in 1 W. N. C. 177; Pennsylvania Canal Co. v. Bentley, 66 Pa. 30; McCully v. Clarke, 40 Pa. 406, 80 Am. Dec. 584; Norristown v. Moyer, 67 Pa. 355.

In proportion to the danger to others will arise the degree of caution and care he must use who exercises the privilege. Great danger demands higher vigilance and more efficient means to secure safety. It is the duty of those who use hazardous agencies to control them carefully, to adopt every known safeguard, and to avail themselves from time to time of every improved invention to lessen their danger to others. But the difficulty arises in their practical application. Questions of skill, vigilance, care, and proper management in any business are necessarily questions of fact, and to be referred to a jury. Frankford & B. Turnp. Co. v. Philadelphia & T. R. Co. 54 Pa. 345, 93 Am. Dec. 708, and the authorities therein cited by the plaintiff in error.

Negligence is the absence of care according to the circumstances of each case, and is always a question of fact for the jury. Ibid.

*Lev. McQuistion* and *C. A. Sullivan,* for defendants in error.—A man must use his property so as not to incommode his neighbors; but the maxim extends to neighbors who do not interfere with it or enter upon it. Knight v. Abert, 6 Pa. 472, 47 Am. Dec. 478. See also Hounsell v. Smyth, 7 C. B. N. S. 731.

In Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684, Justice WOODWARD held that, when "the owner of land, in the exercise of lawful dominion over it, makes an excavation thereon which is such a distance from the public highway [in this case now before the court, the well of Fishers', No. 2, was one quarter of a mile from the public highway] that the person falling into it would be a trespasser upon the land before reaching it, the owner is not liable for an injury thus sustained."

In that case it will be observed that the deceased during a dark night fell into an excavation on a lot fronting one of the front streets in the city of Philadelphia. The excavation was within 80 feet of the street, and was unfenced, uncovered, and unguarded. The court held "that the owner was not liable." This principle is further sustained by Gillespie v. McGowan, 100 Pa. 150, 45 Am. Rep. 365; Philadelphia & R. R. Co. v. Hummell, 44 Pa. 378, 84 Am. Dec. 457; Gillis v. Pennsylvania R. Co. 59 Pa. 129, 98 Am. Dec. 317; Cauley v. Pittsburgh, C. & St. L. R. Co. 9 W. N. C. 505; Baltimore & O. R. Co. v. Schwindling, 101 Pa. 258, 47 Am. Rep. 706.

The natural instinct which leads men in their sober senses to avoid injury and preserve life is an element of evidence. In all questions touching the conduct of men, motives, feeling, and natural instincts are allowed to have their weight, and to constitute evidence for the consideration of courts. Allen v. Willard, 57 Pa. 380.

Where undisputed evidence proves one guilty of contributory negligence which will prevent a recovery it is error for the court to leave the question of contributory negligence to the jury. Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Pennsylvania R. Co. v. Ogier, 35 Pa. 60, 78 Am. Dec. 322; Catawissa R. Co. v. Armstrong, 52 Pa. 282; McKee v. Bidwell, 74 Pa. 218; Goshorn v. Smith, 92 Pa. 435; Baker v. Fehr, 97 Pa. 70.

PER CURIAM:

The court committed no error in ordering this nonsuit, and in refusing to take the same off. The decedent was guilty of

clear negligence in walking with a lighted lantern so near a gas well. The volume of gas was so great and its flow created so much noise that he was not ignorant of its existence. His experience as a miner of oil in the vicinity was such that he knew he was guilty of great negligence. He could smell the gas and hear the hissing sound produced by its escaping from the well. He well knew the great danger of approaching it with a flame of fire. He was clearly guilty of contributory negligence. The absence of all the care charged on the defendants did not excuse him.

Judgment affirmed.